## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

**JEFFREY B. CLARKE,**                    :

      **Petitioner**          :          **CIVIL ACTION NO. 3:13-1920**

      **v.**                     :                    **(JUDGE MANNION)**

**JEROME WALSH and**                  :
**PA STATE ATTORNEY GENERAL,**
                                    :

      **Respondents**

                                      :

## <u>MEMORANDUM</u>

On July 15, 2013, the instant petition for a writ of habeas corpus was filed pursuant to 28 U.S.C. §2254, (Doc. 1), along with a motion for leave to proceed *in forma pauperis*, (Doc. 2). An administrative order was issued to the petitioner on August 5, 2013, (Doc. 4), to which the petitioner responded with a notice of election on August 12, 2013, (Doc. 5), indicating that he wished to proceed with his action as filed. On August 19, 2013, an order to show cause was entered. (Doc. 7). After having been granted an extension of time to do so, (Doc. 11), on October 3, 2013, the respondent filed an answer to the petition for writ of habeas corpus, along with a supporting memorandum and exhibits. (Doc. 12). No traverse has been filed.

The following reflects the history of the petitioner's case through the state courts as supported by the documentation of record. In February and March of 1997, the petitioner was charged by Harrisburg police with five

counts of first-degree robbery and five counts of conspiracy to commit robbery. The petitioner and his co-defendants, known as the "pizza bandits", robbed food delivery men and, in doing so, brandished a pellet gun that resembled a real firearm. On August 18, 1997, at the age of seventeen, the petitioner entered a plea of guilty to all ten counts. Subsequently, on August 27, 1997, the petitioner was sentenced by Judge Lawrence F. Clark, Jr., of the Dauphin County Court of Common Pleas to an intermediate punishment sentence that required the petitioner to, among other things, attend school. Unfortunately for the petitioner, he failed to comply with the terms of the intermediate punishment sentence and appeared before Judge Clark for a revocation hearing on November 20, 1998. The petitioner was sentenced to twenty-five to seventy-five years imprisonment in a state correctional facility.

The petitioner filed a motion for modification of sentence, which was denied by Judge Clark by order dated December 24, 1998. As a result, the petitioner filed a direct appeal of his sentence to the Pennsylvania Superior Court in which he argued that the revocation was not supported by the evidence and that Judge Clark had ill-will toward him. On December 6, 1999, the Superior Court affirmed the judgment of sentence. The Pennsylvania Supreme Court denied the petitioner's request for allowance of appeal on May 5, 2000.

The petitioner's direct appeal was followed by three Post Conviction Relief Act, ("PCRA"), petitions filed on April 30, 2001, February 27, 2003, and September 20, 2011, respectively. The first PCRA petition timely raised a claim of ineffective assistance of appellate counsel. On August 1, 2001, the PCRA court denied the petition without a hearing. The petitioner filed a timely appeal to the Pennsylvania Superior Court, which affirmed the order of the PCRA court on July 23, 2002. On December 24, 2002, the Pennsylvania Supreme Court denied the petitioner's petition for allowance of appeal.

In his second PCRA petition, the petitioner claimed that his sentence was excessively disproportionate to his co-defendants' and that this was due to the sentencing judge's purposeful discrimination against him. This second petition was denied by the PCRA court by order dated May 7, 2004. The petitioner filed an appeal to the Pennsylvania Superior Court, which found on January 13, 2005 that the petition was untimely filed and that the petitioner had failed to establish the applicability of any time of filing exception. The Superior Court affirmed the order of the PCRA court on January 13, 2005.

Finally, in his third PCRA petition, the petitioner claimed that the trial court abused its discretion by allowing hearsay testimony to be used as evidence at the revocation hearing. The third PCRA petition was facially untimely pursuant to 42 Pa.C.S.A. §9545(b)(1). The petitioner claimed,

3

however, that the petition was timely under a miscarriage of justice exception. The PCRA court found the petitioner's argument to be without merit and the petition was dismissed as untimely. An appeal was filed to the Pennsylvania Superior Court, which found that the petitioner had not asserted the applicability of any of the three exceptions to the one-year PCRA time bar set forth at 42 Pa.C.S.A. §9545(b)(1). Rather, the petitioner asserted that case law had established an exception for occasions where a miscarriage of justice has occurred. Finding the petitioner to be mistaken, the Superior Court pointed out:

> . . . [T]he courts of Pennsylvania will only entertain a "miscarriage of justice" claim when the initial timeliness requirement is met. See Commonwealth v. Fahy, 558 Pa. 313, 330-31, 737 A.2d 214, 223 (1999), *cert. denied*, 534 U.S. 944, 122 S.Ct. 323, 151 L.Ed.2d 241 (2001). Although the courts will review the request in a second or subsequent collateral attack on a conviction if there is a strong prima facie showing that a miscarriage of justice occurred, Commonwealth v. Morales, 549 Pa. 400, 409-410, 701 A.2d 516, 520-21 (1997), there is no "miscarriage of justice" standard exception to the time requirements of the PCRA. Fahy, 558 Pa. at 331, 737 A.2d at 223. Therefore, while we would consider a timely petition under the standard set forth in Morales, this court has no jurisdiction to address an untimely petition.
>
> Commonwealth v. Burton, 936 A.2d 521, 527 (Pa.Super. 2007).

(Emphasis in original). Finding that the only basis upon which the petitioner challenged the PCRA court's finding of untimeliness failed, the Superior Court affirmed the PCRA court's decision.

4

In the habeas petition currently before this court, the petitioner raises two claims: (1) that it was unlawful for the court to rely on hearsay testimony during his revocation proceedings; and (2) that the third PCRA court abused its discretion in failing to grant the late filing of the petition because there was a miscarriage of justice springing from the sentence. (Doc. 1).

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996), went into effect and amended the standards for reviewing state court judgments in federal habeas petitions filed under 28 U.S.C. §2254. A §2254 habeas corpus petition is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973). However, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Rather, federal habeas review is restricted to claims based "on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a); Estelle, 502 U.S. at 68.

In considering a §2254 habeas petition, there are two procedural obstacles a petitioner must overcome before the court may reach the merits of the petition. The first is exhaustion of remedies and the second is

5

procedural default. Initially, a petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. §2254(b)(1)(A). The exhaustion requirement is grounded on principles of comity to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000). To exhaust state remedies, a petitioner must give the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). The petitioner bears the burden of showing that all of the claims alleged have been "fairly presented" to the state courts. To "fairly present" a claim, a petitioner must present its "factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999). "[A] state habeas petitioner must present the "substantial equivalent" of his federal claim to the state courts in order to give the state courts 'an opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim.'" Collins v. Sec'y of Pa. Dep't of Corr., 742 F.3d 528, 543 (3d Cir. 2014) (quoting Picard v. Connor, 404 U.S. 270, 277-78 (1971)).

Where a federal claim is not fairly presented to the reviewing state

court, it may be either unexhausted or procedurally defaulted. A claim is unexhausted "if [the petitioner] has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. §2254(c). It is the petitioner's burden to establish that the exhaustion requirement has been met. Ross v. Petsock, 868 F.2d 639, 643 (3d Cir. 1989); O'Halloran v. Ryan, 835 F.2d 506, 508 (3d Cir. 1987).

A claim is procedurally defaulted where the petitioner's failure to exhaust state remedies is technically excused because state procedural rules preclude him from seeking further relief in state courts. Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000); Coleman v. Thompson, 501 U.S. 722, 750-51 (1991). Along the same line, if a petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedure rule, the claim is exhausted, but procedurally defaulted. See Coleman, 501 U.S. at 750.

A federal court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either: (1) "cause" for the procedural default and "actual prejudice" as a result of the alleged violation of federal law; or (2) failure to consider the claims will result in a "fundamental miscarriage of justice." Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wenger v. Frank,

266 F.3d 218, 223-24 (3d Cir. 2001). To establish "cause," a petitioner must establish that "some objective factor external to the defense" impeded his ability to raise the claim in state court. Murray v. Carrier, 477 U.S. 478, 488 (1986). Once "cause" has been successfully demonstrated, a petitioner must then also prove "actual prejudice." To establish "actual prejudice," "the habeas petitioner must show 'not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Id. at 494 (citing United States v. Frady, 456 U.S. 152, 170 (1982). A procedural default may also be excused if a petitioner can demonstrate that a fundamental miscarriage of justice will occur, i.e. that he is "actually innocent" of the crimes against him. Edwards, 529 U.S. at 451; Wenger, 266 F.3d at 223-24. A petitioner can demonstrate a miscarriage of justice by showing a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 496. The Supreme Court has stated that actual innocence means factual innocence, not legal insufficiency. Bousley v. United States, 523 U.S. 614, 623 (1998). "[A] petitioner asserting actual innocence . . . must rely on 'reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence'" not presented at trial. Munchinski v.

8

Wilson, 694 F.3d 308, 337-38 (3d Cir. 2012) (citing Schlup v. Delo, 513 U.S. 298, 324 (1995)). A final, very narrow, exception to the procedural default rule was set forth by the United States Supreme Court in Martinez v. Ryan, ___ U.S. ___, 132 S.Ct. 1309, 1320-21 (2012), wherein the Court found that a petitioner may establish cause to excuse procedural default of claims of ineffective assistance of trial counsel when post-conviction review is the first time a petitioner can bring such claims and petitioner had either ineffective collateral appeal counsel or no counsel at all. The Court cautioned, however, that its holding did not apply to counsel's error in other kinds of proceedings, such as appeals from initial-review collateral proceedings, second or successive collateral petitions, or petitions for discretionary review in state appellate courts. Id., 132 S.Ct. at 1320. In order to establish such "cause," the petitioner must show that collateral appeal counsel was not appointed or was ineffective under the standard set forth in Strickland v. Washington, 466 U.S. 668, 695 (1984). Martinez, 132 S.Ct. at 1318. In addition, the petitioner must demonstrate that the underlying ineffectiveness of trial counsel claim is "substantial" and has "some merit." Id., 132 S.Ct. at 1318.

In the instant action, the petitioner's first claim is that his constitutional rights were violated because his sentence resulted from improper hearsay testimony being considered at the revocation hearing. This claim was not

raised by the petitioner on direct appeal or in either his first or second PCRA petitions. In fact, the petitioner did not raise the issue until his final PCRA petition in 2011, which was found to be untimely. The petitioner has no means by which to now present this issue to the state courts. He has, therefore, procedurally defaulted on the claim. The petitioner has not, however, attempted in any way to excuse his procedural default by establishing "cause" and "actual prejudice", nor has he demonstrated a "miscarriage of justice" as outlined above. This claim will be dismissed.

For his second claim, the petitioner contends that the PCRA court abused its discretion in not allowing his 2011 petition to be filed late based upon a "miscarriage of justice" exception. As explained by the Pennsylvania Superior Court, the "miscarriage of justice" exception can only be considered if timely filed. It cannot be used to avoid the one-year filing deadline for a PCRA petition. Moreover, in this court, the petitioner cannot excuse his procedural default by claiming a "miscarriage of justice" will occur. As discussed above, in order to do so, the petitioner must establish that he is "actually innocent" of the crimes against him. While the petitioner states in his petition that "he is actually innocent of the violation of his probation and parole sentence", he has not established his actual innocense in the manner set forth above. As such, the petitioner's second claim will be dismissed as well.

10

As a final matter, when a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should issue only if (1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, reasonable jurists could not disagree that the instant petition is time-barred. It is statutorily barred, and neither statutory nor equitable tolling apply to the petition.

An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date:  April 7, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-1920-01.wpd